UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FELIX ANGULO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 1:26-cv-05312 (EJD)<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 8 |

Petitioner Juan Felix-Angulo is currently detained by U.S. Immigration and Customs Enforcement ("ICE") pending the outcome of his removal proceedings. Before the Court is Petitioner's petition for writ of habeas corpus in which he seeks either release from custody or a bond hearing before the immigration court (Dkt. No. 1), as well as Respondents' Motion to Dismiss (Dkt. No. 8). For the reasons that follow, the Court dismisses the petition without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a citizen of Mexico who entered the United States sometime in 2013 without inspection or parole by immigration authorities. Dkt. No. 1 ¶¶ 1–2, 30. He has lived in the United States continuously since, however, it does not appear that he has previously sought immigration relief or been detained by ICE prior to his most recent detention.

Petitioner came to the attention of ICE following several criminal convictions that were entered on June 5, 2026, the most relevant being a conviction for vehicle theft under Cal. Veh. Code § 10851(a), for which he was sentenced to 180 days in state custody and two years of



United States District Court
Eastern District of California

probation. Dkt. No. 8 at 10, 24. ICE detained Petitioner following his release from state custody on June 16, 2026. *Id*. at 10. He was served with a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and placing him into removal proceedings that same day. *Id*. at 13. It appears that the Immigration Court has not ruled on the merits of his charge of inadmissibility.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner contends that his detention without the opportunity for a bond hearing violates his procedural due process rights under the Fifth Amendment. *See* Dkt. No. 1 ¶¶ 126–135. Respondents oppose relief, arguing that the Petitioner's detention without the opportunity for a bond hearing is lawful under 8 U.S.C. § 1226(c)(1)(E), and does not violate the constitution. Dkt. No. 8 at 3–5. The Court agrees, and finds that Petitioner has not stated a constitutional claim on this record.

"In January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-

00441-DC-JDP (HC), 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, § 1226(c)(1)(E) makes detention mandatory for any non-citizen charged as "inadmissible" for having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A), and who "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any burglary, theft, [or] larceny[.]" 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). According to Respondents, Petitioner's conviction for vehicle theft renders his detention mandatory under § 1226(c)(1)(E). Dkt. No. 8 at 3.

On its face, § 1226(c)(1)(E) applies to Petitioner. First, he was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A), satisfying the first requirement of § 1226(c)(1)(E). *Id*. at 13. Second, he was convicted of vehicle theft under Cal. Veh. Code § 10851(a) in June 2026, satisfying the second requirement of § 1226(c)(1)(E). *Id*. at 24. Indeed, other courts in this district have similarly found that a conviction under Cal. Veh. Code § 10851(a) triggers § 1226(c)(1)(E). *See Estrada v. Warden of the Golden State Annex*, No. 1:26-CV-06147-JLT-FJS, 2026 WL 2364514, at *2 (E.D. Cal. Aug. 14, 2026). As such, at least from a statutory perspective, Petitioner was not entitled to a bond hearing at the outset of his detention.

This, however, does not end the due process inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c), however, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, numerous district courts have found that unreasonably long detention periods without a bond hearing may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially

all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

Courts in this Circuit have weighed the following factors to ascertain when prolonged detention pursuant to § 1226(c) violates the Due Process Clause, and entitles the petitioner to a bond hearing: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). On this record, Petitioner has not made a showing as to these factors.

The first factor weighs in the Government's favor. Petitioner has only been in detention for approximately four months, which is still within the period of time that the Supreme Court considered acceptable when finding that mandatory detention under § 1226(c)(1) was facially constitutional. *See Demore v. Kim*, 538 U.S. 510, 530 (2003). Further, the Court cannot find on this record that Petitioner has made a showing with respect to the remaining factors. Petitioner has not pointed to any facts with respect to these factors—nor even argued that he is entitled to a bond hearing based on them. As such, the Court cannot find that Petitioner is entitled to habeas relief without further evidence that his detention has become indefinite or that it has become unconstitutionally prolong given his particular situation.

United States District Court
Eastern District of California

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition is dismissed without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: October 8, 2026

EDWARD J. DAVILA
United States District Judge